S08Y0599. IN THE MATTER OF KEINO DWAN CAMPBELL.
(668 SE2d 253)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Notice of Discipline filed by the State Bar alleging that Keino Dwan Campbell violated Rules 5.5, 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum sanction for a single violation of Rules 5.5 and 8.4 (a) (4) is disbarment, while the maximum sanction for a single violation of Rule 9.3 is a public reprimand. This Court suspended Campbell with conditions for one year as reciprocal discipline following his suspension from the Michigan bar, see *In the Matter of Campbell,* 283 Ga. 481 (660 SE2d 532) (2008).

According to the facts set forth in the Notice of Discipline, the Investigative Panel of the State Disciplinary Board found probable cause as to the following: Campbell is not admitted to the Colorado bar; Campbell held himself out as a licensed Colorado attorney, was retained to represent clients in divorce proceedings, collected fees from those clients, and provided them no services; in a June 29, 2006 order the Supreme Court of the State of Colorado enjoined Campbell from the unauthorized practice of law and ordered that he provide restitution of fees and a list of all Colorado clients from whom he received fees; and Campbell has not complied with that order. Based on those facts, the State Bar seeks disbarment as the appropriate discipline, citing in aggravation that Campbell acted willfully and dishonestly in engaging in the unauthorized practice of law in Colorado, in advertising and accepting legal fees for services that he was not authorized to provide and did not provide, in failing to

comply with the order of the Supreme Court of the State of Colorado, and in not responding to the Notice of Investigation. The State Bar notes that Campbell cites no mitigating factors.

Campbell did not acknowledge service of the Notice of Discipline and was served by publication after a return of service non est inventus from the Sheriff of Oakland County, Michigan. As Campbell failed to timely file a Notice of Rejection, see Bar Rule 4-208.3, this matter is now ripe for review by this Court. See Bar Rule 4-208.1 (b).

Having reviewed the record, we agree with the findings of the Investigative Panel and find that disbarment is the appropriate discipline for Campbell's violations of Rules 5.5, 8.4 (a) (4), and 9.3 of the Rules of Professional Conduct, see Bar Rule 4-102 (d). Accordingly, we find that Keino Dwan Campbell should be, and hereby is, disbarred and order that his name be removed from the rolls of persons entitled to practice law in the State of Georgia. Campbell is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*William P. Smith III, General Counsel State Bar; A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.