S11Y0998. IN THE MATTER OF ADRIENNE REGINA McFALL.
(716 SE2d 221)

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the special master (Stephen Clay Carter) that Respondent Adrienne Regina McFall (State Bar No. 491035) be given either a public reprimand or a Review Panel reprimand for her violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II) and 1.16 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum punishment for violating Rules 1.3, 1.15 (I) and 1.15 (II) is disbarment; the maximum sanction for violating Rules 1.4 and 1.16 is a public reprimand. The State Bar served a Formal Complaint on McFall by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). She failed to file a timely answer to the Formal Complaint, and the State Bar filed a motion for default, which the special master granted, entering an order finding that the facts alleged in the Formal Complaint are

deemed admitted.

The facts as deemed admitted show that a client retained McFall to represent her in an employment discrimination matter. The client submitted an Intake Questionnaire with the Equal Employment Opportunity Commission and received a Notice of Right to Sue on May 12, 2009. The Notice gave her 90 days to file her lawsuit. McFall did not file the lawsuit, however, and withdrew from representing the client shortly before the time to file the lawsuit expired and within a few days after the client inquired about her case. McFall did not refund any fees to the client, did not give the client her file and did not keep a proper accounting of the funds in her trust account.

We find that McFall violated the rules charged as she failed to adequately represent and communicate with her client, failed to protect her client's interest and disregarded her client's legal matter. In fact, McFall acted to punish her client by withdrawing from the case upon her inquiries and shortly before the time limit for filing the lawsuit. We are disturbed by McFall's apathetic attitude about these disciplinary proceedings by ignoring the Formal Complaint and failing to respond to the allegations. McFall showed a lack of concern for her client and the disciplinary process. We find that McFall's neglectful conduct harmed her client and the profession. We further find no mitigating factors and in aggravation, we note a 2007 Investigative Panel Reprimand.

We have reviewed the record and, in light of McFall's inexcusable conduct and her cavalier attitude with respect to these formal disciplinary proceedings, we do not agree with the recommendation of the special master that a Review Panel or public reprimand is the appropriate sanction in this matter. Instead, we order that McFall be suspended from the practice of law in the State of Georgia for a period of eighteen months from the date of this opinion, with her reinstatement being contingent upon her giving a full refund to her client and until further order of this Court. McFall is reminded of her duties pursuant to Bar Rule 4-219 (c).

*Eighteen-month suspension with conditions. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar,* for State Bar of Georgia.