S11Y1612. IN THE MATTER OF LAGRANT ANTHONY.
(716 SE2d 221)

PER CURIAM.

This matter is before the Court on the Report of the Special Master, Joseph C. Parker, who recommends that Respondent Lagrant Anthony (State Bar No. 020615) be disbarred or receive a public reprimand for his violations of Rules 1.3, 1.4, 1.16 (d), 3.2 and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). A violation of Rule 1.3 may be punished by disbarment, and the maximum sanction for the remainder of rules violated is a public reprimand.

Anthony failed to respond to a client's grievance and failed to respond to the Notice of Investigation filed against him. The State Bar filed a Formal Complaint against Anthony and, after the sheriff filed a return of service non est inventus, the State Bar served Anthony by publication in accordance with Bar Rule 4-203.1 (b) (3) (ii). Anthony did not file an answer to the complaint, and the State Bar filed a motion for default. Due to Anthony's failure to file an

answer, the facts alleged and violations charged in the complaint are deemed admitted. See Bar Rule 4-212 (a).

As deemed admitted, the facts show that a client hired Anthony to represent him in a criminal matter. Anthony appeared with his client at the sentencing hearing based on a negotiated guilty plea. The client understood from Anthony that the sentence would be ten years, serve five, but he was sentenced to ten years, serve six instead. Anthony told his client that he would take action to correct the sentence, but although the client attempted to reach Anthony by telephone, Anthony never returned his calls or took any further action on his client's behalf. The client asked Anthony to surrender documents from the case file that the client needed to correct the alleged mistake, but Anthony never did so.

We find that Anthony's conduct violated all of the rules charged. We find no factors in mitigation of discipline and find in aggravation that Anthony had a prior disciplinary matter in which he received a public reprimand in 1998. Having reviewed the record, we conclude that the appropriate sanction in this matter is an 18-month suspension. Accordingly, we hereby order that Anthony be suspended from the practice of law in the State of Georgia for a period of 18 months, effective as of the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Eighteen-month suspension. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.