S12Y0221. IN THE MATTER OF LAGRANT ANTHONY.
(721 SE2d 901)

PER CURIAM.

Lagrant Anthony is a member of the State Bar of Georgia[1] who was suspended from the practice of law for 18 months by this Court on October 3, 2011, for his violations of the Rules of Professional Conduct found in Rule 4-102 (d) of the Rules and Regulations of the State Bar of Georgia. *In the Matter of Anthony*, 289 Ga. 834 (716 SE2d 221) (2011). He was also the subject of an interim suspension in December 2010 as a result of his failure to answer the Notice of

---

[1] Anthony has been a member of the State Bar of Georgia since 1987 and his State Bar membership number is 020615.

Investigation issued in that disciplinary proceeding (*In the Matter of Lagrant Anthony*, S11Y0430, decided 12/2/10; Bar Rule 4-204.3 (d) (2)), and was the recipient of a public reprimand in May 1998. Anthony is now before this Court with regard to a notice of discipline filed on October 7, 2011, by the Office of General Counsel of the State Bar that seeks Anthony's disbarment for his violations of Rules 1.3,[2] 1.4,[3] 7.3 (d),[4] and 9.3[5] in connection with the grievance filed by a client in 2010. Disbarment is the maximum sanction for a violation of Rules 1.3 and 7.3 (d), and a public reprimand is the maximum sanction for a violation of Rules 1.4 and 9.3.

The State Bar properly served Anthony by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii) after the State Bar attempted to serve the notice of discipline on Anthony personally at the address listed with the State Bar and the sheriff filed a return of service non est inventus. Having failed to file a Notice of Rejection, Anthony is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Anthony's default, show that he solicited, by personal contact, a non-lawyer for professional employment, even though the non-lawyer had not sought his advice regarding employment of a lawyer. In response to the solicitation, the non-lawyer retained Anthony to represent her in a criminal case, and her mother paid Anthony $500. Anthony did not make a timely appearance at the client's bond hearing, arriving two hours after the conclusion of the hearing and giving no explanation for his tardiness. Thereafter, Anthony did not respond to telephone calls from the client and her mother who inquired about the case and about Anthony's failure to appear at the bond hearing, and who asked for a refund. Anthony was served by publication with a Notice of Investigation after the client filed a grievance with the State Bar and failed to respond as required by Bar Rule 4-204.3 (a).

These facts support the conclusion that Anthony violated Rules 1.3, 1.4, 7.3 (d) and 9.3 of the Georgia Rules of Professional Conduct. The Investigative Panel recommended disbarment after considering

---

[2] "A lawyer shall act with reasonable diligence and promptness in representing a client." "Reasonable diligence" means that a lawyer shall not willfully abandon or disregard a legal matter entrusted to the lawyer.

[3] "A lawyer . . . shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information."

[4] "A lawyer shall not solicit professional employment as a private practitioner for the lawyer . . . through direct personal contact . . . with a non-lawyer who has not sought advice regarding employment of a lawyer."

[5] "During the investigation of a grievance filed under these Rules, the lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules."

Anthony's prior disciplinary record and Anthony's failure to respond to this and other disciplinary complaints. See also Rule 4-103 ("A finding of a third or subsequent disciplinary infraction under these rules shall, in and of itself, constitute discretionary grounds for suspension or disbarment. . . .").

Having reviewed the record, this Court concludes that disbarment is the appropriate sanction in this matter. See *In the Matter of Roberts*, 288 Ga. 478 (704 SE2d 805) (2011). It is hereby ordered that the name of Lagrant Anthony be removed from the rolls of persons authorized to practice law in the State of Georgia. Anthony is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 23, 2012.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.