## S12Y1134. IN THE MATTER OF ADRIENNE REGINA McFALL.
### (728 SE2d 690)

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master, Stephen Clay Carter, recommending that Adrienne Regina McFall (State Bar No. 491035) be disbarred for her abandonment of a client. McFall is currently under an 18-month suspension for her abandonment of another client. *In the Matter of McFall*, 289 Ga. 829 (716 SE2d 221) (2011).

After being properly served by publication with the formal complaint, McFall failed to file a response as required by Rule 4-212 (a), and the special master granted the State Bar's motion for default. The facts, as deemed admitted by McFall's default, show that McFall, who was admitted to the Bar in 1992, was living in Ohio in 2006 and was retained to represent a client in a divorce action. The client paid McFall $700. At the time she was retained, McFall was not licensed to practice law in Ohio, although she had been temporarily certified to practice law in Ohio from October 2004 through November 2005 under an Ohio rule that permits temporary certification for lawyers employed with a legal services or public defender program that is providing services solely to indigent clients. McFall performed no legal services for her client, did not communicate with the client, and failed to refund the fee she received.

Based on this conduct, the special master found that McFall violated Rule 5.5 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), which provides that a lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction. The special master also found that McFall violated Rules 1.2, 1.3, 1.4, and 1.16 (d). The maximum sanction for a violation of Rules 1.2, 1.3 and 5.5 is disbarment. The maximum sanction for a violation of Rules 1.4 and 1.16 (d) is a public reprimand.

The special master found that McFall has a documented pattern of taking money from clients, abandoning them, and failing to respond to disciplinary authorities and found no facts in mitigation. The special master recommended disbarment.

After a review of the record and McFall's prior disciplinary record, we conclude that disbarment is the appropriate sanction. See *In the Matter of Campbell*, 284 Ga. 441 (668 SE2d 253) (2008) (disbarring attorney who was not authorized to practice law in Colorado, but engaged in the unauthorized practice of law there and abandoned clients). Accordingly, it is hereby ordered that the name of

Adrienne Regina McFall be removed from the rolls of persons authorized to practice law in the State of Georgia. McFall is reminded of her duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JUNE 25, 2012.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.